IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT W. WINKEL,

                Plaintiff,

      v.                                      CASE NO. 13-3103-SAC

DILIP PATEL, M.D., and
ARTURO OLEACHEA, M.D.,

                Defendants.

## ORDER TO SHOW CAUSE

This matter is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff, a prisoner in state custody, proceeds pro se and in forma pauperis.

The action is before the Court on remand. *Winkel v. Hammond*, 704 Fed. Appx. 735, 2017 WL 3225632 (10th Cir. 2017). Following the remand, the Court issued service of process, plaintiff filed an amended complaint, and defendants have filed an answer and a motion for judgment on the pleadings. Plaintiff has filed a motion to order response.

The Court has examined the record and issues this Order to Show Cause to plaintiff.

### Background

The events in question took place during plaintiff's placement at the Larned State Security Hospital for "an evaluation and treatment" ordered by the District Court of Kingman County, Kansas.

Following his admission, plaintiff underwent an intake assessment and evaluation with defendant Patel. On April 28, 2011, Dr. Patel evaluated plaintiff as suffering from paranoid-type

schizophrenia with cannabis and alcohol dependencies and a personality disorder characterized by antisocial and narcissistic traits. Dr. Patel prescribed Zaprexa. On the consent form provided, plaintiff wrote that he would not consent to routine lab tests, an EKG, an EEG, minor medical procedures or medications.

On June 7, defendant Oleachea prescribed Zaprexa IM with instructions to use an injection as a back-up means when plaintiff refused medication.

Under Larned State Hospital Policy P 10-18[1], which outlines procedures to be used in the event a patient refuses prescribed medications, the hospital staff first will verbally encourage the patient to take the medication. If the patient continues to refuse, staff will notify the patient's attending medical staff and an "Administrative Review of Patient Objection to Psychiatric Medication" is completed.

When medication is to be given by injection under patient protest, staff is directed to take steps to ensure patient dignity is preserved by encouraging the patient to enter his assigned room, rather than a common area. Where a hold is required for the injection, staff are directed to avoid using a face-down position. If security staff is required to accomplish the injection, that staff also is allowed to seek the patient's compliance before attempting a physical intervention. If a physical intervention is necessary, a registered nurse must assess the patient afterward.

On June 7, 2011, plaintiff was informed that Dr. Oleachea had changed his medical orders to include injection as a backup delivery

---

[1] The policy is attached as Ex. H to the sealed exhibits to the *Martinez* report filed in this matter.

of his prescribed medications. When plaintiff refused his medication that day, a licensed practical nurse (LPN) on duty asked everyone to return to their rooms and contacted the covering RN and security personnel. Plaintiff was given multiple chances to take the medication orally but refused. Notes made prior to the injection show he was agitated, was clenching his fists, and lunged at the security officers. He was placed in a manual hold and given an injection.

The incident was documented by the covering RN on the same day, and the treatment team reviewed the use of the hold on June 14, 2011, and noted no trauma was found and that no additional psychiatric therapy was recommended. In addition, plaintiff was interviewed by a social worker, the RN shift leader, Dr. Patel, Dr. Hammond, and a licensed clinical psychologist. No change was recommended.

On June 8, 2011, Dr. Oleachea and an RN met with plaintiff to conduct an administrative review of his objection to the medication. Plaintiff stated he would not take the medication voluntarily. Security officers were called to assist with the injection. A security sergeant spoke to plaintiff to encourage him to take the medication orally but after plaintiff refused, four officers placed him on his bed while the injection was given. Because plaintiff was aggressive, he was placed in handcuffs while staff left the area. When the cuffs were removed, plaintiff charged after the officers. As a result, he was placed in seclusion for one hour; a staff member was present throughout that time. Upon his release from seclusion, plaintiff met with an RN. The treatment team reviewed the manual hold and found no physical trauma or need for additional therapy.

Thereafter, plaintiff voluntarily took his medication until the time of his discharge. He met with a social worker and stated he did not like taking the medication but would do it. On June 26, 2011, a forensic evaluation was prepared, as contemplated by K.A.R. 22-3303. The examiner found plaintiff competent to stand trial, with the caveat that should he discontinue prescribed medication, plaintiff would be likely to decompensate and his psychotic symptoms would increase. Plaintiff was returned to the custody of Kingman County on July 11, 2011.

## Discussion

Defendants have filed an answer to the amended complaint and a motion for judgment on the pleadings in which they assert grounds for dismissal.

First, in their answer, defendants assert this matter should be dismissed as time-barred and that they are entitled to qualified immunity.

Next, in their motion for judgment on the pleadings, defendants argue that this matter should be dismissed because plaintiff has not asserted that he was physically injured by the events in question.

## Limitation period

The statute of limitations applicable to § 1983 actions is borrowed from the appropriate state statute of limitations and tolling principles. *See Hardin v. Straub*, 490 U.S. 536, 539 (1989). "The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983.... In Kansas, that is the two-year statute of limitations in Kan. Stat. Ann. § 60-513(a)." *Brown v. Unified Sch. Dist. 501,*

*Topeka Pub. Sch.*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted).

In contrast, "the accrual date of a § 1983 cause of action is a question of federal law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action." *Id.* (internal quotation marks and citation omitted). In other words, "[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal quotation marks and citation omitted), *cert. denied* 549 U.S. 1059 (2006).

In this case, the events of forcible administration of medication occurred on June 7 and 8, 2011. Plaintiff filed this action on June 10, 2013, more than two years later.

The Court notes that this filing was made from a correctional facility that requires electronic filing for federal court filings. Plaintiff's complaint does not show the exact date it was provided for scanning; rather, it bears the date "June ___, 2013." (Doc. 1, p. 5).

Generally, in addressing whether a prisoner has timely presented his complaint, the courts have applied the so-called mailbox rule. To comply with that rule, a prisoner must establish the date that he provided his papers to a prison official for transmission. *See Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005). A prisoner meets this burden by either (1) alleging and proving that he timely used the prison's legal mail system, or, if no legal system is available, then by timely use of the regular mail system and a notarized statement or declaration under penalty

of perjury of the date on which the documents were delivered to prison authorities. *Id*. at 1163-64.

In the Tenth Circuit, the prisoner has the burden to demonstrate compliance, and compliance is strictly construed. *United States v. Rodriguez*, 422 F. Appx. 668, 670, 2011 WL 1467952 (10th Cir. 2011)(unpublished)(finding that prisoner's allegation of use of institutional mail was not adequate to allege use of legal mail system).

### Qualified immunity

Defendants also assert they are entitled to qualified immunity in this action. The qualified immunity doctrine "shields government officials performing discretionary functions from liability if their conduct does not violate clearly established rights of which a reasonable government official would have known." *Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006)(internal quotation marks omitted).

The doctrine of qualified immunity "balances two important interests – the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

Here, defendants seek qualified immunity based upon their compliance with the provisions of the governing policy statement from the Larned State Security Hospital.

### Injury requirement

This matter is governed by the Prison Litigation Reform Act (PLRA). The PLRA imposed a requirement that "[n]o Federal civil

action may be brought by a prisoner[2] confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). This provision applies regardless of the nature of the underlying substantive violation asserted. *Searles v. VanBebber*, 251 F.3d 869, 876 (10th Cir. 2001), *cert. denied*, 536 U.S. 904 (2002)(applying § 1997e(e) to prisoner's First Amendment claim concerning free exercise of religion). Because the record shows that plaintiff did not sustain any physical injury, he may not sue for compensatory damages. *See id*. at 879-81.

**Order to Show Cause**

The Court directs plaintiff to show cause on or before **May 22, 2020,** why defendants' motion for judgment on the pleadings should not be granted and this matter dismissed for the reasons set forth. The failure to file a timely response may result in the dismissal of this matter without additional notice.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including **May 22, 2020,** to show cause why defendants' motion for judgment on the pleadings should not be granted and why this matter should not be dismissed.

IT IS FURTHER ORDERED plaintiff's motion to order response to defendants' answer (Doc. 73) is granted to allow him to respond to the defenses that this matter is time-barred and that defendants are entitled to qualified immunity.

---

[2] The PLRA defines the term "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program. 28 U.S.C. § 1915(h)

**IT IS SO ORDERED.**

DATED:  This 31st day of March, 2020, at Topeka, Kansas.

                                    S/ Sam A. Crow

                                    SAM A.  CROW
                                    U.S. Senior District Judge